1841.

Van Epps
v.
Van Epps.

---

## Van Epps and wife *vs.* Van Epps.

Where a husband and wife were seized of real estate in right of the wife, which was subject to a mortgage executed by them to their son and which had been by him assigned to a monied corporation, afterwards sold such land subject to the mortgage which the purchaser agreed to pay, and who gave to the son another mortgage for the residue of the purchase money, and the son gave to his parents a declaration of trust, stating that the junior mortgage was held by him in trust to receive the interest thereof and the rents of certain other property, and to pay over the same to them during their lives, and after their deaths, unless sooner required *to do so* by them, to divide the principal of the bond and mortgage and the other trust properly among their heirs at law; *Held,* that the trust was valid; and that upon a foreclosure, by the corporation, of the prior mortgage, and a sale under the same, the son who held the junior mort-

1841.

Van Epps
v.
Van Epps.

gage as trustee could not become the purchaser of the mortgaged premises for his own benefit, to the prejudice of the cestuis que trust.

No person is permitted to purchase an interest in property, and hold it for his own benefit, where he has a duty to perform, in relation to such property, which is inconsistent with the character of a purchaser thereof on his own account and for his individual use or benefit.

Where property is conveyed to trustees upon a trust to receive the rents or income thereof for the use of the cestui que trust for life, and after his death to convey the property to his heirs, the interest of the cestui que trust for life in such property is inalienable; and he cannot authorize the trustees to sell the trust property; nor can he pledge his interest in the future rents or income thereof, to the trustees or otherwise.

If a trustee has been guilty of a breach of trust and is insolvent or irresponsible, the court of chancery will remove him from his trust.

July 20.

THIS was an application to dissolve an injunction, upon bill and answer. On the first of April, 1837, the complainants, E. Van Epps and wife, in right of the wife, were the owners of a farm in Greenbush; which was subject to the lien of a mortgage of $5000, executed by them to the defendant, their son, and by him assigned to the New-York Life Insurance and Trust Company. They sold this farm to A. O. Spencer, for $15,000; and, as a part of the consideration for the purchase, he assumed the payment of the previous mortgage, and also conveyed to the defendant three houses and lots in Greenbush and about 800 acres of land in the county of Clinton. And for the residue of the purchase money, Spencer executed to the defendant his bond and mortgage upon the premises, for $6000, payable in three instalments of two, six, and ten years, with interest semi-annnally. On the fifteenth of the same month the defendant executed, under his hand and seal, a declaration of trust; which was duly acknowledged and recorded in the office of the clerk of the county of Rensselaer. This instrument recited the conveyance to Spencer, subject to the $5000 mortgage held by the Trust Company, the conveyance to the defendant of the three houses and lots and the 800 acres of land in Clinton county, in part payment of the purchase money upon the sale of the farm, and the giving of the $6000 mortgage to him for the residue thereof; and it declared that the defendant had

received such bond and mortgage and conveyance, for the benefit of the complainants, upon trust, to receive the interest upon the mortgage and the rents of the three houses and lots and of the Clinton county lands, and to pay over such interest and rents to the complainants during their lives ; and after their decease, unless required by the complainants sooner to do so, to divide the residue of the trust property between the heirs of the complainants.  Spencer afterwards became insolvent and neglected to pay the interest, to the Trust Company, upon the $5000 bond and mortgage ; in consequence of which default that mortgage was foreclosed.  Upon the sale of the premises under that foreclosure the defendant became the purchaser thereof, for the sum of $6450 ; of which sum, by a previous arrangement with the officers of the company, $4600 was allowed to be secured by the defendant in a new mortgage upon the premises.  And under the master's deed upon that sale the defendant claimed the farm as his absolute property, discharged of any claim thereon in favor of the complainants under the subsequent bond and mortgage of Spencer, which the defendant held in trust.  The defendant afterwards sold 300 acres of the Clinton county lands, for his own benefit, in violation of the trust.

The bill of the complainant, among other things, also alleged that the defendant induced them to remove to the county of Oswego, to erect a dwelling house, &c., upon a piece of land he owned there, under an agreement that if they would do so they should be permitted to occupy such house and ten acres of the land so long as they wished to reside there, free from any charge for rent, and that when they elected to remove he would refund the money expended upon the premises ; but that he had, in violation of his agreement, distrained their property, and had also sued his father in the county court for rent alleged to be due for the premises.  But this agreement was fully denied by the defendant's answer.

*J. Rhoades,* for the complainants.

*H. V. D. Van Epps,* in proper person.

THE CHANCELLOR. The agreement relative to the oc-cupation of the premises in Oswego county being fully denied by the answer, so much of the injunction as restrains the defendant from proceeding in the suit for the use and occupation of that property, or from proceeding in any other form to collect the rents thereof, must be dissolved; leaving the complainant E. Van Epps to his defence at law, if he has any. But so far as relates to the farm at Greenbush, and to the trust property, and the rents, profits, proceeds, and income thereof, the injunction must be continued to the hearing and until the further order of the court.

The sale of the Clinton county lands for the defendant's *own benefit,* was clearly a breach of trust; which, in connection with his insolvency, or pecuniary irresponsibility, as stated in the bill, is sufficient to authorize the court to remove him from his situation as trustee. The nature of the estate in the trust property, as created by this declaration of trust, is a valid trust to receive the rents, income, and interest of the property for the use of the complainants *for life, and after their deaths to convey the remainder* in fee to their heirs in severalty. The interest of the complainants in the trust property is consequently inalienable during their lives, under the provisions of the 63d section of the article of the revised statutes relative to uses and trusts. (1 *R. S.* 729.) They could not therefore authorize the trustee to sell the trust property; nor can they pledge the future interest or income thereof, or authorize their trustee to anticipate the same as an offset against their previous indebtedness to him. And had the declaration of the trust been duly recorded in Clinton county, as it appears to have been in the county of Rensselaer, it would have been impossible for him to have conveyed any valid title to a purchaser of the trust estate

situated in either of those counties. (1 R. S. 730, § 64, 65.)

The defendant is also wrong in supposing that he was authorized to become the purchaser of the Greenbush farm, under the master's sale upon the prior mortgage, for his own exclusive benefit, to the prejudice of the subsequent mortgage which he held in trust for others. The rule of equity which prohibits purchases by parties placed in a situation of trust or confidence with reference to the subject of purchase, is not, as the defendant supposes, confined to trustees or others who hold the legal title to the property to be sold ; nor is it confined to a particular class of persons, such as guardians, trustees, or solicitors. But it is a rule which applies universally to all who come within its principle ; which principle is, that no party can be permitted to purchase an interest in property and hold it for his own benefit, where he has a duty to perform in relation to such property which is inconsistent with the character of a purchaser on his own account and for his individual use. The cases on this subject are nearly all referred to in *Hawley* v. *Cramer*, (4 *Cowen's Rep.* 717,) and in the very recent case of *Greenlaw* v. *King*, decided by Lord Cottenham in January last. (5 *London Jurist*, 18.)

Here the duty of the trustee, as the holder of the junior mortgage, was to make the mortgaged premises, if possible, produce upon the sale sufficient not only to pay off the prior incumbrance, and the costs of foreclosure, but also to satisfy the subsequent incumbrance which he held in his fiduciary character ; and this duty came directly in conflict with his interest, as a purchaser for his own benefit, to bid in the property at the lowest sum for which he could obtain it. The result of this conflict between his interest and his duty we find to be, that a farm which in April, 1837, was sold for $15,000 is, within three years from that time, bid in by him for the comparatively small sum of $6450 ; although the holders of the prior incumbrance were willing to let more than two thirds of that sum remain at in-

terest, for an indefinire period, upon a new mortgage upon the premises. In cases of this kind, the court does not suffer itself to be drawn aside from the application of the equitable rule by any attempt, on the part of the purchaser, to establish the fairness of the purchase. In the language of the learned commentator on American law, the rule is founded on the danger of imposition, and the presumption of the existence of fraud which is inaccessible to the eye of the court. The policy of the rule is to shut the door against temptation ; which, in cases where the relationship before adverted to exists, is of itself deemed to be sufficient to create the disqualification. (4 *Kent's Com.* 438.)

Although the purchase in this case was in violation of the rule of equity and cannot therefore be sustained, it does not follow that the trustee is to lose the amount of his bid upon the property. But in equity he is allowed to hold it as security for that amount only, unless he elects fully to indemnify the trust estate by paying the whole amount of the principal and interest due upon the bond and mortgage which he held in trust. In the present case, therefore, the income of the farm, or so much of it as is necessary for that purpose, must be applied by the receiver from time to time to keep down the interest, on the bond and mortgage to the trust company ; and the residue must be retained by him to abide the decision of this cause.

And the application to discharge the receiver must be denied, with costs.