## P. and H. Y. ROGERS *v.* LUDLOW and others.

A conveyance of real estate, in trust to lease the same and to pay and apply the income unto such persons, for such uses and purposes, and in such parts and manner, as E., a married woman, should in writing appoint; and for want of such direction, then to her proper hands; or otherwise to permit her to receive the income for her sole and separate use and benefit; is valid as an express trust.

Such a trust interest in real estate, cannot be subjected to the payment of liabilities, in the nature of debts, created by the wife.

If the conveyance were deemed to create a valid power in trust, instead of an express trust, such liabilities would not be enforced against the wife's interest, under the provision of the revised statutes for compelling the execution of powers in favor of the creditors of the beneficiary.

A married woman cannot incur a debt; and where she has a separate estate, her obligation incurred on the faith of such estate or for its benefit, is enforced, (when capable of being enforced,) as a charge, and never as a personal liability.

May 9, 10, and October, 4; October 23, 1845.

THE bill was filed against Mrs. Elizabeth Ludlow and Edward H. Ludlow and Elizabeth his wife, to obtain payment, out of the separate estate of the latter, of an account for merchandize, charged to have been sold and delivered to her by the complainants, on the faith and credit of such estate.

It appeared that Mrs. Edward H. Ludlow as the daughter and one of the heirs of Elizabeth Stevens Livingston, inherited an undivided share in real estate in New York, New Jersey, and else-

where; in which her father Edward P. Livingston had an estate as tenant by the curtesy, until his death on the 3d of November, 1843. On the 8th day of February, 1837, a post-nuptial settlement was executed by E. H. Ludlow, by which he granted bargained, sold, released, conveyed and confirmed, unto his mother Mrs. Elizabeth Ludlow, in fee, all his estate, right, title, interest, claim and demand, in right of his wife, or otherwise, of in and to all the lands and tenements of which Mrs. Livingston died seised. The conveyance was upon certain trusts, which were expressed as follows:

" To and For the Uses Trusts and Purposes following that is to say, Upon Trust that the said party of the second part her executors administrators and assigns do and shall from time to time lease let and improve the said above referred to premises or any part thereof, to the best advantage and for the most profit and income the same can reasonably produce, according to the best of her or their judgment or discretion, or according to and in pursuance of such directions as the said Elizabeth Ludlow wife of the said Edward H., shall at any time notwithstanding her coverture, by and in writing under her hand direct or appoint, and do and shall from time to time hereafter pay, apply and dispose of the rents issues and profits of the premises aforesaid, as the same shall from to time arise and be received, unto such person or persons, and for such uses and purposes, and in such parts and proportions, manner and form, as she the said Elizabeth wife of the said Edward H. Ludlow, (the party heretofore of the first part) from time to time, notwithstanding her coverture, shall by any note or writing under her hand, direct or appoint, and for want of such direction or appointment, then to the proper hands of her the said Elizabeth, wife of the said Edward H., or otherwise shall permit her to receive the same to and for her own sole and separate use and benefit, and her receipt or receipts alone, notwithstanding her coverture, shall be a sufficient discharge from time to time, to the person or persons so paying the same, for so much thereof for which such receipts shall be given, to the intent that the same rents issues and profits, or any part thereof, may not be at the disposal, or subject or liable to the control, debts, forfeitures, or engagements of the said Edward H. Ludlow, but only

to and for her own sole and separate use, benefit and disposal. An dupon the further Trust, that the said party of the second part, her heirs, executors, and administrators, do and shall grant demise or convey the premises above described, mentioned or referred to, to such person and persons, use and uses, estate and estates, and for and in such consideration or considerations, and subject to such provisions, limitations and agreements, as she the said Elizabeth wife of the said Edward H. Ludlow, notwithstanding her coverture, shall by any instrument in writing under her hand and seal, in the presence of one or more credible witness or witnesses, or by her last will and testament in writing, or by any writing purporting to be her last will, to be by her duly executed in the presence of two or more witnesses, which wr ting, instrument, or will, she the said Elizabeth is hereby and by the said Edward H. Ludlow, her husband enabled and empowered to make, devise, give, direct, limit or appoint, and for want of such instrument, writing, devise, will, gift, disposition, limitation, direction or appointment, then in further Trust, to grant and convey the said above described mentioned, or referred to premises, and every part, and parcel thereof with the appurtenances, to the use and behoof of the right heirs of her the said Elizabeth wife of the said Edward H. Ludlow, for ever."

Much testimony was taken in the cause to prove the sale of the goods, and that the credit was given to Mrs. Ludlow's trust estate ; but the decision turned wholly on the legal questions involved.

*A. Thompson,* for the complainants.

*Liv. Livingston,* for the defendants.

The Assistant Vice-Chancellor.—The bill charges that Mrs. Elizabeth Ludlow, the grantee in the deed of trust, by force of that instrument, became and has ever since been, the trustee of all the property and estate thereby limited to the separate use of Mrs. Edward H. Ludlow ; and that the latter has since the date of the deed, been in the full use and enjoyment of such separate estate. It then seeks to recover a debt, which as the bill

alleges, Mrs. E. H. Ludlow contracted with the complainants on the credit of that estate.

The two principal points discussed at the hearing, were the existence of the debt, and the force of the post-nuptial settlement in reference to E. H. Ludlow's life estate in the lands.

As to these points, my impression was very decided, that the debt was established; but that Ludlow had no estate or interest in the lands when he executed the settlement. There was still a question whether his covenants in the deed could be enforced, either by his wife or her creditors, as an equitable settlement, now that he has by the death of Edward P. Livingston, become entitled as tenant by the curtesy.

Since the argument, the opinion of the Chancellor in *L'Amoreux* v. *Van Rensselaer and wife*, and her trustee Mr. Phelps, (Aug. 5, 1845,) has been published,(a) and its bearing upon this case was such, that the counsel have been heard anew on the questions presented by the settlement made for Mrs. E. H. Ludlow's benefit.

It is now contended in behalf of the complainants, that the trusts in this settlement do. not fall within the section of the revised statutes authorizing express trusts; but they are valid as powers in trust, and as such will be maintained in favor of the wife and of her creditors.

Assuming for the sake of the argument, that the settlement is operative upon some estate or property, I will examine the proposition just stated.

The trusts are, to lease, let and improve the property, so as to produce the best income, or as the wife shall direct; from time to time to pay, apply and dispose of the income as it should be received, unto such persons, for such uses and purposes, and in such parts and manner, as the wife should in writing, appoint; and for want of such direction, then to her proper hands; or otherwise should permit her to receive the same, to and for her sole and separate use and benefit; to the intent that the rents and profits might be to and for her own sole and separate use,

(a) Now reported; 1 Barbour's Chy. Rep 34.

benefit and disposal, and not at the disposal, or subject to the debts, of her husband. There was a further trust declared, for the conveyance of the property in pursuance of the wife's appointment by deed or her last will and testament ;—and in default of her disposal in one or the other of these modes, the estate was to pass to the heirs of the wife.

Without deciding all the questions which have been so well presented in regard to these trusts, it is sufficient to say that several of them, and those which are the most essential to the wife, the party designed to be benefitted, are valid as express trusts. Such is the trust to lease the property, and incidentally to receive the rents. This is a good trust, (in connection with the application of the rents,) under the third clause of section fifty-five of the statute of uses and trusts. The trust to pay the income and to apply it for the use and benefit of the wife, which is the ultimate effect of the limitation as to the disposal of the income, is also a valid trust under the same clause and section.

The Chancellor decided in *Gott* v. *Cook*, (7 Paige, 521,) that a trust to receive the rents of real estate and pay over the same to the beneficiary for his use, is a valid express trust. (And see *Van Eps* v. *Van Eps*, 9 Paige, 237.)

This is the settled law in the court of chancery, and therefore the trust to pay, is good in this case, as well as that to apply the income.

The valid trusts in the deed of E. H. Ludlow are sufficient to uphold the title of the trustee, although they may be accompanied with trusts which the statute does not authorize. (*Darling* v. *Rogers*, 22 Wend. 483 ; *Kane* v. *Gott*, 24 ibid. 661, 665–6 ; *Irving* v. *De Kay*, 9 Paige, 521.)

It follows that Mrs. Elizabeth Ludlow, the trustee, took and still holds, whatever estate or right, was conveyed by the deed in question.

The recent decision of the Chancellor in *L'Amoreux* v. *Van Rensselaer*, before mentioned, is conclusive that the interest of Mrs. E. H. Ludlow under this trust, cannot be subjected to the payment of the complainant's debt. The trust in that case was of real estate, and the trustee was to pay over the net income to Mrs. Van Rensselaer, for her sole and separate use. And it was

held, that she could not contract any debt which could be made a charge upon the property or its income, because the interest of the beneficiary in these trusts, is inalienable by the 63d section of the statute relative to uses and trusts.

If the complainant's counsel had succeeded in establishing that the deed was invalid for all the purposes of its express trusts, and that the same might be upheld as powers in trusts; still I do not perceive how the bill could be maintained.

There is no direction or appointment of Mrs. E. H. Ludlow, which can operate upon the trustee, within the terms of the deed. But it is said, the 103d section of the article of the revised statutes relative to powers, enables the creditors of any person entitled as one of the objects of the trust, to compel an execution of a trust power, for their benefit.

The complainant's difficulty under this section is, that they are not *creditors* of Mrs. E. H. Ludlow, in the legal sense of the word, or within its meaning as used in the section.

A married woman cannot incur a debt, and where she has a separate estate, her obligation incurred on the faith of it, or for its benefit, is enforced, (when capable of being enforced,) as a charge, and never as a personal liability. (2 Story's Eq. Jur. 625, §. 1397 to 1400.) (a)

A similar section in favor of creditors of a beneficiary under an express trust, as to the surplus income, is contained in the Article relative to Uses and Trusts. (1 R. S. 729, §. 57.) And in *L'Amoreux* v. *Van Rensselaer*, before cited, the Chancellor said that Mrs. V. R.'s interest could not be reached under that section, because she could not create a debt which should bind her personally, while she was a married woman.

The complainant's bill must be dismissed, but without prejudice to any legal remedy which they may have, and without costs.

---

(a) And see *Curtis* v. *Engel*, 2 Sand. Ch. R. 287.