MARGARET T. O'GRADY, APPELLANT, *v.* JOHN S. COE, AS EXECUTOR, ETC., OF THOMAS O'GRADY, DECEASED, IMPLEADED WITH OTHERS, RESPONDENT.

*Purchase by agent of demand against principal — upon what terms Court of Equity will set it aside.*

Thomas O'Grady and wife executed a bond and mortgage to one W., who thereafter assigned the same to a son of the said Thomas, who assigned it to one Doyle, who assigned it to the son's wife, the plaintiff herein. The last two assignments were without consideration. At the time of the purchase of the mortgage by the son, he was acting as confidential agent of his father. In an action to foreclose the mortgage, the referee held that the confidential rela-

tions existing between the father and son prevented the latter from purchasing the mortgage, and that the assignment to him was void.

*Held,* that this was error; that at law the assignment vested the legal title in the son, and that equity would not allow the title so acquired to be taken from his assignee except upon the payment of the amount expended in purchasing the same.

Appeal from a judgment entered on the report of a referee, dismissing plaintiff's complaint.

*John Callister*, for the appellant.

*D. Herron*, for the respondent.

Talcott, J.:

This is an appeal from a judgment entered on the report of a referee, dismissing the plaintiff's complaint.

The action was in the ordinary form to foreclose a mortgage. Certain infants appeared by their *guardian ad litem*, who put in the usual general answer in behalf of the infants.

Thomas O'Grady put in an answer setting up, in substance, that the mortgage was made for the benefit and accommodation of his son, Michael O'Grady, who had the money and agreed to pay the mortgage. The mortgage was made by Thomas O'Grady and Margaret, his wife, to the executors of Jared Wilson. Margaret has since died intestate and was seized of the mortgaged premises at her death. After her death Michael O'Grady, the son, took an assignment of the mortgage from the executors of Wilson, paying the full face thereof. After about a year he assigned the mortgage to Thomas Doyle, who, on the same day, assigned it to the plaintiff, then the wife of Michael. There was no consideration passing between Michael and Doyle or Doyle and the plaintiff, but the assignment to Doyle was for the purpose of having him assign the same to the wife of Michael. Michael has since died.

The referee has found the issues presented by the answer of Thomas O'Grady in the negative, and that the proceeds of the bond and mortgage were obtained and used for the benefit of Thomas O'Grady. But he finds that in the transaction of negotiating the mortgage, and in other matters in assisting his father to get into

business and taking some charge of his business, Michael was acting for, and was the agent of, Thomas O'Grady, and by reason of such relation had no right to purchase the said bond and mortgage in his own name and for his own benefit, though he expressly finds that Michael purchased the same with his own money, and that his father, the said Thomas O'Grady, was at the time indebted to Michael in a considerable amount. He finds as a conclusion of law upon the foregoing facts that Michael, being the agent of Thomas, could not legally take and hold the bond and mortgage for himself, and that his assignee, Doyle, got no right or title to the bond and mortgage, and could not legally assign the same to the plaintiff, who has consequently no title to the bond and mortgage, and he therefore directs a judgment dismissing the complaint with costs.

It will be observed that Thomas O'Grady sets up no such defense, and does not seek to question the right of Michael to purchase and hold the bond and mortgage in his own name on the ground of the supposed relation of Michael to him as agent. But conceding that the general answer of the infants is sufficient to enable their defense to be made if it existed, we think the referee has entirely misconceived the law growing out of the fiduciary relations of principal and agent. The proper forms having been observed, the assignment of the bond and mortgage to Michael was good at law; the title passed. In any case the assignment to him was not *void* but *voidable* in equity, at the election and upon the option of the supposed principal. There is a rule of equity which prohibits parties from taking advantage of a fiduciary relation to make profit to themselves, to the injury of the persons to whom they stand in such relation, provided such parties apply in season and seek to set aside the transaction or to claim the benefit of the advantage which the person who has violated his duty growing out of the relation has acquired. It is a rule of equity and not of law, and if an agent purchases property in violation of his fiduciary obligations, such purchase, though it may be avoided by his principal in a court of equity, yet is not void; and equity requires if a party claiming to be the equitable *cestui que trust* seeks to repudiate the transaction, that he shall do equity by refunding the money which the agent has expended in making the purchase. (*Harrington* v. *Brown*, 5 Pick., 519; *N. Y. Cent. Ins. Co.* v. *The Nat. Protection Ins. Co.*, 20 Barb., 468.)

A party holding a fiduciary relation which prevents him from purchasing on his own account, will not be permitted as against his *cestui que trust* to make a profit on such a purchase, but will be held to account on the basis of the sum actually paid by him; and the property purchased will, at the option of the *cestui que trust*, be decreed to the latter, subject, however, to whatever amount the trustee has advanced out of his own funds in the purchase. (*Van Epps* v. *Van Epps*, 9 Paige, 237; *Reed* v. *Warner*, 5 id., 650; *Smith, Recr., etc.,* v. *Lansing*, 22 N. Y., 520.)

We think that in this case, even conceding Michael to have been such an agent of his father, Thomas O'Grady, as that he could not in equity have purchased and held the bond and mortgage in question in his own name and for his own benefit, yet that the purchase was good at law and the assignment valid for the amount which Michael advanced, and he was entitled to hold and enforce it for that amount, and that the referee has wholly mistaken the consequences of the act of purchasing the bond and mortgage in Michael's own name and on his own account. Such title as Michael got by the assignment from the executors of Wilson he could transfer to Doyle, whether with or without consideration, no creditors intervening, and Doyle could transfer to the plaintiff in the same way. There would be no equity in holding that the land was discharged of the mortgage without any payment, and the plaintiff is entitled to hold and enforce the mortgage for the amount which Michael O'Grady paid to acquire title to the same, even if he stood in such a relation to the mortgagors that he was incapable of making any profit to himself by the transaction. We think, therefore, that the conclusion of the referee dismissing the complaint was erroneous.

The judgment is reversed and a new trial ordered before another referee, costs to abide the event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment reversed and new trial ordered before another referee, costs to abide the event.