Carson v. Marshall.

Isaac Carson et al.

*v.*

David H. Marshall et al.

Trustees are never permitted, without the aid of the court, to buy the property which they hold as such.

*Mr. C. A. Bergen,* for complainants.

*Mr. S. H. Grey,* for defendants.

Bird, V. C.

This bill was filed by creditors of David E. Marshall, deceased, asking the aid of this court in collecting the amount of their claims against his estate. They charge that he died leaving a large tract of land, and leaving a will appointing David H. Marshall, Charles Stevenson and Randall E. Morgan executors, giving them power to rent his real estate and to sell so much thereof as should be necessary to pay his debts. They accepted the trust. At the death of the testator there were three judg-

ments against him, amounting to over $18,000, on which executions had been issued and levies taken, covering all the lands of the testator. Some time after his death, the sheriff advertised the lands for sale and sold them, at public vendue, to two of the executors named in said will.

The bill proceeds, in its stating part, upon the presumption that the executors who purchased attended said sale in the interest of the estate of David E. Marshall, and under a promise and obligation to purchase the land for the benefit of creditors and legatees unless it sold for a full and fair price, and not in their own private interests; and that it did not sell for a fair price; and that they refuse to make a resale and claim that they hold the lands as their own. In the confederating and charging part of the bill it is stated that the defendants had no right to buy. The bill prays that the defendants may be decreed to hold the land which they have not sold to *bona fide* purchasers, for the said estate; that it may be sold under the direction of this court, and that the defendants may account. A great volume of testimony was taken before the master, before it was referred to me, upon the presumption that the executors had made such promise and were under such obligation, and, having purchased, held the lands for the estate. The values of the lands in question, and of many others, had been given in detail, which seemed to render it quite necessary for the defendants to have leave to follow over the same ground. Hence the mass of matter before the court.

But I think this case turns not upon any alleged agreement nor mere inadequacy of price, but upon the ground scarcely hinted at in the stating part of the bill : that trustees are *never* permitted, without the aid of the court, to buy the property which they hold as such. The purchasers at the sheriff's sale were the executors of the deceased debtor. The debtor, in and by his will, had invested these executors with certain powers and duties respecting his real estate, one of the powers being to sell so much as should be required to pay debts. They did not pay the debts nor take measures to be able to pay them. The sheriff sold the lands to pay the judgments in his hands, leaving a large indebtedness.

Carson v. Marshall.

I will not wait to consider what obligation the executors were under from any promise, nor the fairness of the sale, nor the inadequacy of the price. I shall only look at the naked question advanced at the close of the argument for complainants—Had the executors the right to purchase? I think not. Than this, perhaps, there is no rule of law more unlimited, inexorable and better fortified by reason, necessity and experience. So firmly has this vigorous root imbedded itself in the judicial mind that courts will not, under any circumstances, allow trustees to judge for themselves when to bid, but require them, if the necessity springs up, to state the situation to the court, and ask aid and permission to bid.

The question is not, under such circumstances, who makes the sale—whether the trustee himself, or other person—but whether the property sold is held in trust or not. If held in trust, there is no condition on which the trustee can buy on his own private account. If called upon for an account of the profits, or for a resale by those interested, he must account in the one case and make sale in the other. *Creveling* v. *Fritts, 7 Stew. Eq. 134; Romaine* v. *Hendrickson, 12 C. E. Gr. 162 ; Colgate* v. *Colgate, 8 C. E. Gr. 372 ; Michoud* v. *Girod, 4 How. (U. S.) 503 ; Booraem* v. *Wells, 4 C. E. Gr. 87.*

Thus far generally, but particularly when sales of trust property are made by others than the trustees themselves, see *Staats* v. *Bergen, 2 C. E. Gr. 297 ; S. C. on appeal, 2 C. E. Gr. 554 ; Jewett* v. *Miller, 10 N. Y. 402 ; Van Epps* v. *Van Epps, 9 Paige 237 ; Fulton* v. *Whitney, 66 N. Y. 548 ; Bennett* v. *Austin, 81 N. Y. 308, 332.*

The case of *Earl* v. *Halsey, 1 McCart. 332,* which has been urged as precisely like the present case, is not, as I understand the facts, like this in any essential particular. In that case the land was given to another in fee, and the executors had no interest in it whatever, nor power over it, nor in connection with it. The report says that the bill expressly alleges that the executors had no power of sale.

The law, therefore, requires me to advise that the defendants hold the land which they purchased in trust, and that so much

thereof as they still hold the title to, be sold in the presence of and under the directions of one of the masters of this court, and that the said defendants account for all advances on the price they paid for any of the land sold by them, with interest, and also for all the rents and profits of that unsold, they to be allowed interest on all money invested, and the actual cost of all permanent improvements, with interest. The complainants are entitled to costs.