By the Court.—Truax, J.
—We see no reason for disturbing the findings of fact made by the court at trial term. The only question for us to determine is, were the conclusions of law warranted by those findings?
The trial court has found that the transfer made by the defendant Henry Yutte to Beinig was made for the benefit of, and in trust, for the defendant Henry Yutte; and that the Jackson street house was conveyed to the defendant Christine Yutte by Mrs. Gierke as part of the consideration for the transfer to her of the property conveyed by Henry Yutte to Beinig. This being the case the consideration for the Jackson street property was, in fact and in law, paid by the defendant Henry Yutte, and therefore came within the statute of uses and trusts above cited.
The trial court also found that the defendant Christine Yutte exchanged the Jackson street property for a house and lot in Avenue C ; that she sold the house and lot in Avenue C for $155 in cash, and other property ; that with this cash and the further sum of $200, she purchased certain premises in Sixth street, that she sold the Sixth street property and made a profit of $5,000, over and above the purchase price thereof, and that with the proceeds of this sale she purchased the property in Chrystie street now held by her. The trial court held, as a conclusion of law, that all the money that plaintiff was entitled to obtain from the Chrystie street property, was the sum of $155, with interest *317 thereon from the date of the sale of the Avenue C property. It is of this conclusion that the plaintiff complains.
We are of the opinion that the trial court erred in this respect, and that it should have found that the plaintiff was entitled to be paid the full amount of her judgment, §494.78, and the interest thereon from the entry of the judgment. The defendant Christine Yutte is bound to account to the plaintiff for the gains she has made from the judgment debtor’s property. It is well settled that she was a trustee for the creditors of Henry Yutte, one of whom was the plaintiff, and that she held the property, part of the consideration for which had been paid by Henry Yutte, for the benefit of his creditors, and whatever profit she made by dealing with the property that she held as such trustee inured to the benefit of the creditors of Henry Yutte (Van Epps v. Van Epps, 9 Paige, 237; Ten Eyck v. Craig, 62 N. Y. 420; Flagg v. Mann, 1 Sumner, 486, cited in Penman v. Slocum, 41 N. Y. 59; see also Davis v. Leopold, 87 N. Y. 620).
One • of the findings of fact to which the defendants object is the finding that the conveyances to the defendant ■Christine Yutte were made with the intent on the part of the defendants to defraud the creditors of the said Henry Yutte.
The evidence shows that at the time these conveyances were made the said Henry Yutte was indebted in a considerable amount to the plaintiff; that the only property that he had was the property conveyed by him to Beinig, and that the consideration for the transfer to Christine Yutte was paid by the defendant Henry Yutte. The evidence put the burden of proving that the conveyance to Christine Yutte was made in good faith, and without, any such intent to defraud, upon the defendants. But they offered no evidence to rebut the presumption created by the statute (2 R. S. 1105, 51, 52, Banks’ 6th ed.) The finding was therefore right (Dunlap v. Hawkins, 59 N. Y. 342).
This view we have taken of the law disposes of the appeal taken by the defendants.
*318 The judgment is modified so as to direct the receiver to pay to the plaintiff or her attorneys, said sum of $494.76, with interest thereon from June 19, 1882. The plaintiff is entitled to one bill of costs on this appeal.