AUGUST ROEDIGER, Respondent, *v.* PATRICK J. GLEASON and RODEY S. BRASSELL, Appellants, Impleaded with Another.

MARIE A. JAHN, Respondent, *v.* PATRICK J. GLEASON and RODEY S. BRASSELL, Appellants, Impleaded with Another.

*Receiver in a partition action — when prohibited from buying the property — when the vendor can avoid a sale made to such receiver.*

One Louis Roediger died seized and possessed of certain real estate and appurtenances situated at Long Island City, New York. Among his heirs at law were August Roediger and Marie A. Jahn, who each inherited a one-seventh interest in his real estate. Subsequent to his death one of the heirs at law instituted a suit for the partition of the real estate of which Louis Roediger died seized, in which action the defendant Patrick J. Gleason was appointed receiver of the premises *pendente lite*, with power to collect rent. Gleason qualified as such receiver, took possession of the property in question, and collected the

rents. He has never accounted as receiver, nor been discharged. Subsequent to the appointment of Gleason as receiver, August Roediger and Marie A. Jahn, at the request of one Thomas F. Donnelly, who was their attorney in the partition action, executed two deeds, by which they conveyed to Rodey S. Brassell their interest in said real estate in consideration of the sum of $100 paid to each of them. Neither of them understood that they were not to receive more for their interests. Brassell, the grantee named in the conveyance, was really the agent of Gleason to effect the purchase of the property. This fact was not known to either Roediger or Mrs. Jahn, nor did they know anything about Brassell. The property was subsequently conveyed by Brassell to Gleason, who held the title thereto at the time of the commencement of these actions, which were brought to set aside and declare void the deeds above mentioned.

*Held,* that the receiver occupied a position which prohibited him from buying the property for himself from those who did not know he was the purchaser;

That if there were no other evidence as to the value of the property, the fact that $1,000 was paid to the widow for her right of dower was enough to indicate that Brassell was obtaining the fee at far less than its real value;

That the vendors, who had thus sold their interests for less than the actual value of the property, were at liberty to avoid the sale upon repaying to Brassell the amount which they received from him.

APPEAL by the defendants, Patrick J. Gleason and another, from a judgment of the Supreme Court in favor of the plaintiff in the first above-entitled action, entered in the office of the clerk of the county of Queens on the 22d day of March, 1895, upon the decision of the court rendered after a trial at the Queens County Equity Term, with notice of an intention to bring up for review upon such appeal an order made at the Queens County Special Term on the 18th day of March, 1895, and entered in said clerk's office, granting the plaintiff an extra allowance.

Prior to his death in 1889, Louis Roediger owned certain premises, which may be conveniently designated as the city hall property in Long Island City. Among his heirs at law were August Roediger, Marie A. Jahn and Wilhelmina Messnik, each of whom inherited a one-seventh interest in the premises mentioned. Wilhelmina Messnik instituted a suit for the partition of the property in the County Court of Queens county, and in that suit Patrick J. Gleason was duly appointed receiver of the premises, *pendente lite,* with power to collect the rent. He qualified as such receiver, took possession, collected the rents, and has never accounted as receiver nor been discharged, so far as appears. The partition action seems never to have been discontinued, although there is no evidence that

anything ever was done therein after the appointment and qualification of the receiver.

Subsequently, on the 19th day of July, 1889, at the request of Thomas F. Donnelly, Esq., who was their attorney in the partition suit, Mr. Roediger and Mrs. Jahn executed deeds, whereby they conveyed to Rodey S. Brassell their interest in the city hall property at Long Island City. The consideration which they received for this conveyance was $100 each, which was much less than the actual value of the interest of each at the time. Although Mr. Donnelly told Mr. Roediger and Mrs. Jahn that the papers which they signed were deeds of the property, neither understood that they were to receive no more for their interest. Mr. Brassell, the grantee named in the conveyance, was really the agent of Mr. Gleason to effect the purchase of the property. Neither Mr. Roediger nor Mrs. Jahn knew this, nor did they know anything about Mr. Brassell.

The property was subsequently conveyed by Mr. Brassell to Mr. Gleason, who held the title thereto at the time of the trial of these actions.

These actions were brought to set aside the deeds of August Roediger and Marie A. Jahn to Rodey S. Brassell, and of Rodey S. Brassell to Patrick J. Gleason.

*George W. Stephens,* for the appellants.

*H. Randolph Anderson,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment and order entered upon a decision of a justice of this court after a trial at the Special Term.

The judgment and order should be affirmed, with costs, upon the opinion of the trial judge.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.

The opinion of the trial judge will be found at page 257.

APPEAL by the defendants, Patrick J. Gleason and another, from a judgment of the Supreme Court in favor of the plaintiff in the

second above-entitled action, entered in the office of the clerk of the county of Queens on the 22d day of March, 1895, upon the decision of the court rendered after a trial at the Queens County Equity Term, with notice of an intention to' bring up for review upon such appeal an order made at the Queens County Special Term on the 18th day of March, 1895, and entered in said clerk's office, granting the plaintiff an extra allowance.

*George W. Stephens,* for the appellants.

*H. Randolph Anderson,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment and an order entered upon a decision of a justice of this court after a trial at the Special Term.

The action is brought to set aside a deed of conveyance of real property.

The action received the proper disposition at the Special Term, and the judgment should be affirmed, with costs, upon the opinion of the trial judge.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.

The opinion of the trial judge was as follows:
BARTLETT, J.:

The formal decision filed herewith, under section 1022 of the Code, as amended last year, contains a sufficient statement of the facts.

The evidence leaves no doubt whatever in my mind of the correctness of the conclusion that the defendant Gleason was really the purchaser of the city hall property in Long Island City, which he held at the time as receiver in the partition suit. The proof seems to me equally plain that the considerations paid to each of these plaintiffs was utterly inadequate. If there were no other evidence as to the value of the property, the fact that $1,000 was paid

SECOND DEPARTMENT, JULY TERM, 1895. [Vol. 89.

to the widow for her right of dower, is enough to indicate that the purchaser was obtaining the fee at far less than it was really worth, when he paid the heirs at the rate of less than $700 for their combined interest.

It is manifest that the receiver occupied a position which prohibited him from buying the property for himself from those who did not know he was the purchaser.

The rule which he violated is clearly stated by Chancellor WAL-WORTH, in the case of *Van Epps* v. *Van Epps* (9 Paige, 237), where he says: ".The rule of equity which prohibits purchases by parties placed in a situation of trust or confidence with reference to the subject of purchase, is not * * * confined to trustees or others who hold the legal title to the property to be sold, nor is it confined to a particular class of persons, such as guardians, trustees or solicitors. But it is a rule which applies universally to all who come within its principle, which principle is that no party can be permitted to purchase an interest in property and hold it for his own benefit where he has a duty to perform in relation to such property which is inconsistent with the character of a purchaser on his own account and for his individual use."

Now, there was a plain conflict here between the interest of Mr. Gleason as an intending purchaser of this property from the heirs and his duties as a receiver of the property in the partition suit. As receiver he was bound to get as much rent as possible. As an intending purchaser it was to his interest to have the receipts for rent fall off so that the apparent value of the property might decrease and the owners be induced to sell for a lower price. As receiver he was bound to manage the property as a whole in such a way as to maintain and, if possible, to increase its value, real and apparent. As an intending purchaser it was to his interest to manage it in such a way as to decrease its apparent value until it passed into his own hands. The equitable principle to which I have referred clearly applies to a person situated as he was, and under such circumstances, the vendors who have sold their interests for far less than the property was actually worth, are at liberty to avoid the sale upon repaying to the purchaser the amounts which they have received from him. In the brief for the defendants it is argued that the form of the complaint is such that no relief can be granted

in the absence of a finding of actual fraud on the ground that Mr. Gleason was disqualified to purchase by reason of his position as receiver. I think, however, that the allegations of the complaint in each case are quite sufficient to sustain the judgment in favor of the plaintiff upon the grounds stated in the formal decision. Each complaint expressly alleges the appointment of Mr. Gleason as receiver.

There should be judgment for the plaintiffs setting aside the deeds conveying the respective interests to the defendant Brassel upon the payment by them to the defendant Gleason of the amounts which they respectively received. Plaintiffs must also have costs.