### ARCHER et al. v. ARCHER et ux.

(Supreme Court, Special Term for Trials, Rockland County. July, 1913.)

1. TRUSTS (§ 231*)—TRUSTEE—PURCHASE OF TRUST PROPERTY.

Testator devised his property to his executors in trust to manage during the life of his widow and to pay one-third the income to the widow and two-thirds to his three sons, and at the death of the widow the property to go to the three sons equally. The three sons were appointed executors, but one, A., was subsequently removed. A. subsequently executed three mortgages covering his entire interest, and his entire interest was afterwards sold at execution sale. The executors purchased these mortgages and the interest at the execution sale. The mortgages were afterwards foreclosed, the executors becoming the purchasers, outbidding the heirs of A., thereby acquiring the entire interest of A. in the estate for $11,000, while it was worth over $20,000. *Held* that, though the three sons were tenants in common and might mortgage their undivided interest,

during the life of the widow, the property was trust property, the executors were trustees, and A., as to his interest, was cestui que trust, and the executors could not deal with his interest for themselves individually, but, as trustees, they would be held to have acted for the benefit of A. and his heirs.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 330–335; Dec. Dig. § 231.*]

2. TRUSTS (§ 231*)—TRUSTEE—RIGHT TO PURCHASE TRUST PROPERTY.

No one can purchase property individually, where he has a duty as to the property inconsistent with such purchase.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 330–335; Dec. Dig. § 231.*]

3. JUDGMENT (§ 715*)—RES JUDICATA—MATTERS CONCLUDED.

Where outstanding mortgages executed by cestui que trust on his interest were purchased by the trustee, but the assignment was made to the trustee's wife, a foreclosure of the mortgages by the wife is not a bar to a subsequent suit by the devisees of the cestui que trust against the trustee to impress a trust on the property for profits derived by the trustee in dealing with the trust property, since in the foreclosure suit the only issue was as to the validity of the mortgages, while in the latter the issue was whether a trustee, in purchasing the mortgages, would be held to have acted for the benefit of the cestui que trust.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1244–1246; Dec. Dig. § 715.*]

Action by Margaret Archer, individually and as administratrix of Allison Archer, deceased, and others, against George Archer, individually and as executor of Michael A. Archer, deceased, and wife. Judgment for plaintiffs.

Leon R. Jillson, of New York City (M. B. Patterson, of Nyack, of counsel), for plaintiffs.

Frederick W. Penny, of Haverstraw (Frank Comesky, of Nyack, of counsel), for defendants.

TOMPKINS, J.   Michael A. Archer died in 1881, leaving a widow, Clarissa A. Archer, who still lives, and three sons, namely, Allison M. Archer, Charles D. Archer, and the defendant George Archer. The said Michael A. Archer left a last will and testament, by which he devised and bequeathed all of his property, both real and personal, to his executors—

"in trust, to receive the rents, issues and profits thereof, for and during the lifetime of my wife, Clarissa A. Archer, and apply the same to the use of the following persons, as follows: Pay the one-third thereof to my said wife during her lifetime, and the other two-thirds thereof to my three sons, Allison M. Archer, Charles D. Archer and George Archer, in equal proportions during the same time. * * * At the death of my said wife, I order and direct my said executors to sell and dispose of my property as soon as they deem it wise and expedient so to do, and divide the proceeds thereof equally between my said three sons, unless they elect then to hold the same, but if they elect and desire to hold the same together, then the same shall be conveyed to them by my said executors instead of being sold. * * * I empower my executors to sell and convey my property, real and personal."

This will was probated in the Surrogate's Court of Rockland county, and letters testamentary issued thereon to Charles D. Archer, Al-

lison M. Archer, and George Archer, the three sons of the deceased. Later Allison M. Archer was removed as executor and trustee, and thereafter Charles D. Archer died, leaving the defendant George Archer as sole surviving executor and trustee under said will.

On the 20th of October, 1885, Allison M. Archer and his wife, Margaret Archer, one of the plaintiffs in this action, gave a mortgage to one George S. Sherwood, for the sum of $4,000, covering his undivided interest in his father's estate, and on the 7th of May, 1887, the said Sherwood assigned said mortgage to the said Charles D. Archer (now deceased), and the defendant George Archer, for which they gave their personal note for the sum of $4,000, which assignment they took in their individual names, and thereafter, and until December, 1900, held the said bond and mortgage as their individual property.

In December, 1900, the said Charles D. Archer and George Archer assigned the said bond and mortgage to Fannie F. Archer, the wife of the defendant George Archer, as security for loans claimed to have been made by the said Fannie F. Archer to her husband, the defendant George Archer, the aggregate of which loans is disputed by the plaintiffs in this action. On January 27, 1887, the said Allison M. Archer gave another mortgage to said Sherwood, to secure payment of the sum of $3,000, and covering all of his right, title, and interest in the estate of the said Michael A. Archer, deceased, and on July 20, 1887, said Allison M. Archer gave a third mortgage to said Sherwood for the sum of $6,000, covering his interest in his father's estate as aforesaid.

Those two mortgages, dated respectively January and July, 1887, were assigned by the said Sherwood to the People's Bank of Haverstraw on February 1, 1909, and were further assigned by said bank to Clarissa A. Archer, the widow of the said Michael A. Archer, deceased. The consideration for the assignment of those two mortgages to Clarissa A. Archer was the sum of $7,000, and was paid and secured by the defendant George Archer and his brother Charles D. Archer, deceased, and as collateral security for the promissory notes which they gave in part payment for those mortgages they gave a mortgage covering the whole estate of Michael A. Archer, deceased.

On February 3, 1909, the said Clarissa A. Archer assigned both of said mortgages to the defendant Fannie F. Archer, and received therefor no consideration whatever. On December 15, 1900, the sheriff of Rockland county, under an execution sale, conveyed to Clarissa A. Archer all the right, title, and interest of the said Allison M. Archer in the real estate of which the said Michael A. Archer died possessed, subject to the liens of the said three mortgages, the consideration for which conveyance was paid to the sheriff by the said George Archer and Charles D. Archer, and within a few days thereafter the said Clarissa A. Archer conveyed the said interest acquired from the sheriff as aforesaid to the said Charles D. and George Archer, no valuable consideration passing therefor.

Allison M. Archer died in 1892, leaving a last will and testament by which he devised all of his property to his widow and children, the plaintiffs herein. The amount paid by George Archer and Charles

D. Archer individually to the sheriff for the interest of Allison M. Archer, sold under the execution, was the sum of $682.44, and the aggregate of the sums paid by them for the three mortgages, covering the said interest of Allison M. Archer in the estate of his father, was the sum of $11,000, while the proof in this case justifies a finding that the actual value of the equitable interest of the said Allison M. Archer and the plaintiffs herein is upwards of $20,000.

In 1910 the defendant Fannie F. Archer foreclosed the said three mortgages covering the interest of the said Allison M. Archer, and thereafter the said interest was sold at public auction under a judgment of foreclosure and sale in that action, at which sale the defendant George Archer purchased said interest for the sum of $15,575, the property having been struck down to him for that amount after competitive bidding by him and the plaintiff William Watson Archer, and George Archer paid in cash to the referee 10 per cent. of his bid, amounting to $1,557.50, besides the referee's fees and expenses, amounting to $1,891.27. The balance of the purchase price was made good to the referee by a receipt signed and given by the said Fannie F. Archer, the plaintiff in the foreclosure suit, no other money passing between the parties, and the defendant Fannie F. Archer now has a deficiency judgment in the said foreclosure action, against the plaintiffs as representatives of the said Allison M. Archer, deceased.

This action is brought to impress a trust upon the interest which the said Allison M. Archer, deceased, had in the said real premises under his father's will, in favor of these plaintiffs, as the devisees under the will of the said Allison M. Archer, deceased, and for a judgment decreeing that the defendant George Archer holds the premises conveyed to him by the referee under the judgment of foreclosure and sale, in the action brought by Fannie F. Archer to foreclose the said three mortgages made by Allison M. Archer, and under the deed from Clarissa A. Archer of the interest which she acquired from the sheriff under the execution sale, in trust for the plaintiffs in this action, to the extent and value of said premises, in excess of the amounts that have been properly paid out and advanced by said defendant George Archer on account of said premises.

The claim is made by the defendants that Fannie F. Archer paid valuable and adequate consideration for the mortgages that she subsequently foreclosed, and that she was a bona fide holder of said mortgages. The facts and circumstances, however, convince me that she took those mortgages and held them, first for her husband, the defendant George Archer, and Charles D. Archer, now deceased, and subsequently for her husband alone, and that he and they individually were the real owners of those mortgages. The testimony of Mrs. Archer as to the advances made to her husband, which it is claimed furnished the consideration for the assignment of those mortgages to her, is very unsatisfactory. No doubt she did make large advances to her husband, but it seems to me they were not made, or intended to be made, as a consideration for the assignment of those mortgages, and that such assignments were made entirely independent of such advances, and were for the convenience and benefit of her husband

and his brother, for the purpose of enabling them individually to obtain possession of their brother Allison M. Archer's interest in said premises. This view of the transactions is supported by the undisputed facts, and is strengthened by the fact that at the foreclosure sale, when the premises were purchased by George Archer, his wife gave the referee a receipt for the entire bid, less the cost and expenses of the sale and 10 per cent. of the bid, thereby relieving her husband from the payment to the referee of the balance of his bid of $15,575, without receiving any monetary consideration therefor. In other words, Charles D. Archer, while he lived, and the defendant George Archer, were the real owners of these three mortgages, that were subsequently foreclosed by George's wife, and the owner as well of whatever title was obtained from the sheriff under the execution sale.

[1] The foregoing is a summary of the facts and the claim of the parties, and the question of law now presented is whether Charles D. Archer and George Archer, the executors and trustees, had a legal right to acquire the said mortgages, and take a deed from the sheriff of their brother's interest in the premises, for their individual purposes, and whether the defendant George Archer, the sole surviving executor and trustee, had a right at the foreclosure sale to acquire said premises for his individual profit. I think they had not that right. They were the executors and trustees to whom Michael A. Archer devised the premises in question, and had an active duty as such trustees during the lifetime of Clarissa A. Archer, who is still alive, and that duty was to preserve and care for the said premises, and collect the income therefrom, and divide it into three parts, and to pay one part to the widow, and the other two parts to the three sons, in equal proportions, and to the extent of Allison M. Archer's interest in the income of the property during the life of his mother he was a cestui que trust of the testamentary trustees, Charles D. and George Archer, and they had no right to deal with the trust property for their own benefit; and in all their dealings with it—i. e., in the acquisition of the interest under the sheriff's sale, and in their purchase of the three mortgages, and the subsequent foreclosure of said mortgages by Fannie F. Archer, who simply represented her husband George Archer, and in the purchase of the entire interest of Allison M. Archer, and his devisees at the foreclosure sale—these executors and trustees must be regarded as having acted for the benefit of their cestui que trust, Allison M. Archer, and, after his death, his devisees, these plaintiffs.

It is undoubtedly true, as contended for by defendant's counsel, that the three sons of Michael A. Archer were tenants in common of the premises, and could mortgage, sell, or devise their undivided interests; but nevertheless their vested equitable remainders were subject to the trust created by the will, which was to continue during the lifetime of the widow, Clarissa A. Archer, and was not only for her benefit, but as well for the benefit of Allison M. Archer, George Archer, and Charles D. Archer, who were to share equally two-thirds of the issues and profits thereof during the lifetime of their mother, and so long as that trust continues these executors and trustees must deal with the property as trustees only, and always for the advantage and

interest of the beneficiaries of the trust, and never for their individual profit.

[2] That the defendant George Archer is now holding the property adverse to his trust is apparent from the fact that at the foreclosure sale he outbid one of the plaintiffs, William Watson Archer, who was endeavoring to buy the property for the protection of himself and the other devisees under his father's will. The rule is that:

"No party can be permitted to purchase an interest in property, and hold it for his own benefit, where he has a duty to perform in relation to such property, which is inconsistent with the character of a purchaser on his own account." Fulton v. Whitney, 66 N. Y. 548.

In the same case, the court said:

"The argument that the defendants benefited the sale by becoming bidders is one which might be used in every case where a trustee bids at a sale of property to which his trust relates. It has been so often used and so often refuted that it is not necessary to consider it here."

I think there can be no question but that the will created an executory trust, to continue during the life of Clarissa A. Archer, and until the trustees sell the property, or convey it to the cestuis que trustent, under the terms of the will, and that Charles D. Archer and George Archer were bound to deal with the property in their capacity as trustees only, and that in all their transactions in respect to Allison M. Archer's interest they are to be deemed to have acted as trustees, and for his benefit, and that of his devisees. Van Epps v. Van Epps, 9 Paige, 237; Fulton v. Whitney, 66 N. Y. 548; Davoue v. Fanning, 2 Johns. Ch. 252.

[3] The decree of foreclosure and sale in the action brought by Fannie F. Archer is not res adjudicata as to the plaintiffs in this action, nor a bar to the maintenance of this action. The only issue there decided was as to the validity of the three mortgages, and whether they were valid liens upon the interest of Allison M. Archer, deceased. There is no question, and never was, as to the validity of those mortgages; but the question now is whether, in acquiring and foreclosing them, Charles D. Archer and George Archer could act for themselves as individuals, or whether in equity they are to be regarded as having acted for Allison M. Archer and his heirs. This latter question was not presented in the foreclosure suit, and is now properly before the court in this action, and for the first time.

My conclusions are that the plaintiffs are entitled to a judgment impressing a trust upon the interest mortgaged by Allison M. Archer, in favor of the plaintiffs, subject, however, to the reimbursement of the defendant George Archer for the moneys actually paid out by him in the purchase of the three mortgages, and the sheriff's deed, and interest thereon, he to account to the plaintiffs for one-third of the income of said premises from the time that the trustees ceased paying income to Allison M. Archer. If the interest on these mortgages has been paid out of the income of the property, then, of course, the defendant George Archer will not be entitled to interest.

It seems to me that there will have to be an accounting of the rents, issues, and profits received by the executors and trustees, and the

interest paid by them on these liens. As to the form of the judgment, I will hear counsel upon the settlement of the findings, which shall be upon notice.