In the Matter of JULIA A. FORHAN, Respondent. RICHARD J. FORHAN, as Trustee, et al., Appellants; MARIE K. PEDRICK, et al., Respondents.— In a special proceeding brought by the income beneficiary of an *inter vivos* trust under article 79 of the Civil Practice Act to direct the payment to her of income from the trust, of which petitioner was one of the trustees, the answer of the cotrustee consisted of a general denial and three counterclaims. On November 7, 1949, an order was made severing the primary issue contained in the petition and part of the first counterclaim, to wit: whether certain expenses were payable out of principal or income, from the other issues raised by the answer of the cotrustee. The primary issue was determined on a prior appeal (277 App. Div. 293, affd. 301 N. Y. 807). Petitioner moved on various grounds to dismiss the counterclaims not disposed of on the prior appeal. The cotrustee, three adult remaindermen and the guardian ad litem for the infant remaindermen, appeal from so much of the order which dismissed the second and third counterclaims, on the ground that they may not properly be interposed in this proceeding. Order, insofar as appealed from, reversed on the law, with one bill of $10 costs and disbursements to appellants who have filed briefs, payable out of the trust estate, and motion to dismiss the second and third counterclaims denied, without costs. The second counterclaim in the answer of the cotrustee seeks a declaration that real property presently owned by petitioner is held for the benefit of the trust and that she be directed to convey the premises to the trustees. It is alleged that,

812

after Forhan Realty Corporation (controlled by the cotrustee), the then owner, gave petitioner a lease to the property for life at a rental of $1 a year, which lease was superior to a $100,000 mortgage executed at the same time by the corporation to the cotrustees, payment of which mortgage was guaranteed by the cotrustee individually, petitioner bought a transfer of tax lien, foreclosed it, and purchased the premises in her own name, although she was aware that the trust had sufficient assets to protect the mortgage and to pay the taxes due on the property. The third counterclaim in the answer of the cotrustee seeks petitioner's removal on various grounds, the only one now pertinent being her actions as alleged in the second counterclaim. We consider the counterclaims as the institution of a special proceeding as to a matter involving or relating to an express trust and, therefore, properly interposed in this proceeding. (Civ. Prac. Act. §§ 1308, 1318.) In our opinion the counterclaims sufficiently state a cause of action for breach of trust, and require a determination, after a trial, at least as to the rights of petitioner, and the beneficiaries of the trust, in and to the real property which is the subject of the counterclaims, and as to whether or not petitioner's individual interests so conflict with her interests as trustee as to require her removal. Nolan, P. J., Adel, Wenzel and MacCrate, JJ., concur; Johnston, J., dissents and votes to affirm with the following memorandum: I agree with the majority that the counterclaims may properly be interposed in this proceeding. However, I am of the opinion that the counterclaims fail to set forth facts sufficient to entitle appellant cotrustee to the relief which he seeks. The trust never had title to the real property involved. It merely owned the mortgage. Petitioner, who held one incumbrance superior to the mortgage (the lease for life), purchased another incumbrance superior to the mortgage (the tax lien), and foreclosed it in order to obtain title to the property for the purpose of protecting her lease. The second counterclaim does not allege that the $100,000 mortgage was lost to the trust by petitioner's foreclosure of the tax lien. That is probably in recognition of the rule that a trustee, who holds a mortgage as trust property, may not for his own exclusive benefit purchase the fee on foreclosure of another incumbrance on the property to the detriment of the beneficiaries of the trust. (*Fulton* v. *Whitney*, 66 N. Y. 548; *Van Epps* v. *Van Epps*, 9 Paige Ch. 237.) The practical application of that rule is that petitioner could not wipe out the $100,000 trust mortgage by foreclosure of the tax lien; that the result of the foreclosure of the tax lien and her purchase of the property at the sale would be that the fee would still be subject to the $100,000 trust mortgage, or that petitioner would become chargeable in equity for the difference between what she paid on the purchase and the actual value of the premises, for which sum the trust would have a lien on the premises. The second counterclaim alleges that the mortgage was lost to the trust estate, not by the act of petitioner in foreclosing the tax lien, but by the act of appellant cotrustee in executing a satisfaction of the mortgage after the said foreclosure of the tax lien. Petitioner now holds title to the property, not only by reason of the foreclosure, but also by reason of the execution to her of a quitclaim deed by Forhan Realty Corporation. What this counterclaim seeks is not a reinstatement of the $100,000 mortgage formerly held by the trust (of which appellant cotrustee executed the satisfaction and payment of which he had individually guaranteed), but a declaration that the fee is held for the benefit of the trust and that petitioner be directed to convey the premises to the trustees. The facts alleged in the second counterclaim would not seem to require that type of relief and no other relief is requested. The majority prefer to await the results of a hearing as to the counterclaims. In my opinion, a hearing to develop the facts

alleged in the second counterclaim would serve no useful purpose. The disposition with respect to the third counterclaim must follow the disposition with respect to the second counterclaim. [See *post,* p. 932.]