# THE PEOPLE OF THE STATE OF NEW YORK *v.* MERCHANTS' BANK.

## (MATTER OF CLAIM OF JEROME WHITAKER AND OTHERS.)

*A purchase by a trustee enures to the benefit of the beneficiary.*

One Sherman, to secure bonds issued by him, executed a mortgage upon real estate owned by him to Lord and Moffett, as trustees. Sherman having become insolvent the mortgage was foreclosed, and upon the sale the premises were purchased, through Moffett's instructions, for the Merchants' Bank, which owned some of the bonds, and of which Moffett was cashier. The deed was made to Kenyon, a director of the bank. He thereafter conveyed it to the teller

of the bank, who subsequently conveyed it to the bank, and upon the failure of the bank the property passed to its receiver, who thereafter sold it at an advance of some $7,000 over the price paid at the foreclosure sale.

Upon the application of one of the bondholders to compel the receiver to pay to the trustee Lord the profit derived by the bank from the purchase and resale:

*Held,* that the application should be granted.

That as Moffett was one of the trustees the bondholders were entitled to any profits that might be made upon any purchase made by him either directly or indirectly.

That the bank and its receiver acquired no better title than Moffett had, as the bank was chargeable with knowledge of what was known by its cashier.

That neither the provision in the decree of foreclosure allowing any party to the action to purchase at the sale, nor the order confirming the sale, prevented the bondholders from recovering the said profits.

APPEAL from an order of the Oneida Special Term, confirming the report of a referee, and directing the receiver of the Merchants' Bank to pay to Gilderoy Lord, as trustee, or to certain bondholders, secured by mortgage given to Lord and Moffett, as trustees, upon the homestead of Wooster Sherman, in the city of Watertown, the amount of the net benefit arising from the sale of the mortgaged property, bought in through the instrumentality of Moffett, one of the trustees, who was also cashier of the bank, for the bank. The amount of benefits arising to the bank or to the receivers, out of the transaction, was $7,076.07, less $425.89 allowed for the services in the suit of Gilderoy Lord and John F. Moffett, trustees, against Wooster Sherman and others, and the costs of this proceeding.

Gilderoy Lord and John F. Moffett were duly constituted trustees of a certain mortgage made by one Wooster Sherman to secure forty in number of his individual bonds of $500 each. At the sale on the foreclosure of the mortgage Moffett procured the premises to be purchased for the Merchants' Bank, of which he was a stockholder, director and cashier. After applying the proceeds of the sale to the payment of bonds there remained still due on them a deficiency of over $12,000. Prior to the recovery of said judgment, Sherman, the obligor on said bonds, was adjudged a bankrupt. After the purchase by the bank it went into the hands of its present receiver, who sold the property in question at a profit to the bank of about $7,000. In due time Lord, as trustee, presented a claim to the receiver for such profits, which claim was rejected by the receiver. After such action by the receiver, one of the bondholders, on

behalf of himself and others similarly situated, moved for leave to sue the receiver for such profits. On the hearing of that motion an order was made referring the controversy to a referee to take proof of the facts and to report the same to the court with his opinion thereon. The referee reported in favor of the petitioners and the court subsequently confirmed his report. From the order of confirmation this appeal has been taken.

*John C. McCartin,* for Wm. H. Kimball, receiver, appellant.

*Mullin & Griffin,* for claimants, respondents.

*D. O'Brien,* attorney general, for the people.

HARDIN, P. J.:

When the sale of the mortgaged property took place, under the decree of foreclosure of the mortgage executed by Wooster Sherman to Lord and Moffett, as trustees, Moffett was acting as the trustee for the bondholders under the mortgage. It was his duty to protect and secure the rights and interests of the bondholders. He was not at liberty to so conduct the sale as to endanger or impair their rights. When he, in effect, became purchaser of the mortgaged property, at a sum much less than was due upon the mortgage, he was liable to account in equity for the value of the property, or such benefits as should arise from the transaction. The fact that he allowed the title to be taken in Kenyon, director of the bank, and subsequently transferred by Kenyon to Pawling, a teller of the bank, and from Pawling to the bank, and a sale by the receiver of the bank and the profits of the transaction to pass to the hands of the receiver, does not defeat the rights of the beneficiaries to have equity interfere to secure to the bondholders the benefits or profits of the sale thus arising.

The profits of the transaction are clearly traceable to and are found in the hands of the receiver. Equitably they belong to the beneficiaries under the mortgage and can be reached, notwithstanding the attempted breach of trust on the part of Moffett, one of the trustees, who assumed to become a purchaser at the foreclosure sale and to have the title transferred to the bank of which he was cashier. It was not competent for Moffett to cast the loss arising from such

speculative transaction on the trust fund or the beneficiaries thereof. (*Van Epps* v. *Van Epps*, 9 Paige, 241.)

The provision in the decree of foreclosure that any party to the action might become purchaser at the sale is no protection to Moffett or his appointee the bank, or its receiver. (*Fulton* v. *Whitney*, 66 N. Y., 556.) Nor does the order of confirmation stand in the way of the equitable rights of the trustee or the bondholders. (*Terwilliger* v. *Brown*, 44 N. Y., 237; *Fulton* v. *Whitney*, 5 Hun, 20; S. C., 66 N. Y., 548; *Colburn* v. *Morton*, 3 Keyes, 305; *Conger* v. *Ring*, 11 Barb., 356.)

The bank or its receiver stand in no better situation in respect to the benefits arising out of the sale than Moffett would had he taken title to himself. The bank was chargeable with notice of the trust duties of Moffett in the premises; he was cashier of the bank and through him the bank derived notice of the equities and rights of the bondholders. (*Cumberland Coal Company* v. *Sherman*, 30 Barb., 570; *Terwilliger* v. *Brown*, 59 id., 9; *Hawley* v. *Cramer*, 4 Cow., 735; *Davoue* v. *Fanning*, 2 Johns. Ch., 257; *Abbot* v. *American Hard Rubber Company*, 33 Barb., 575.)

We think the proceeding to reach the profits was maintainable in the name of the bondholders or of the co-trustee. (Hill on Trustees, 761; *Merrill* v. *Farmers' L. and T. Co.*, 24 Hun, 297.)

It is no answer to this proceeding to say the trustee attempting to violate his duties, might be made personally responsible to the bondholders suffering from his dereliction of duty. (*Merrill* v. *Farmers' Loan and Trust Co*, 24 Hun, 297.)

It appears that the bank was a holder of some of the bonds entitled to participate in the profits derived out of the transaction. To the extent of such ownership it is entitled to participate in a ratable division of the profits arising out of the transaction, to that extent the receiver has an equitable interest in the funds, and may retain such sum out of the profits. Such seems to have been the opinion of the learned judge who made the order at Special Term. As we understand that order the rights of the receiver in that regard are protected. The opinion delivered at Special Term meets with our approval. We think the order accords with the principles of equity laid down in the cases to which we have already referred and therefore the order should be affirmed.

Order affirmed, with ten dollars costs and disbursements, payable out of the fund.

BOARDMAN and FOLLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, payable out of the funds in the hands of the receiver.