(51 App. Div. 83.)

## MERRICK v. WATERS et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

DEVISED REAL ESTATE—EXECUTOR'S DEALINGS—PERSONAL ADVANTAGE—DEED —DEVISEE'S BENEFIT.

    Where an executor purchases for himself outstanding mortgages on devised real estate, forecloses them, and purchases at the foreclosure sale, and then procures for himself a deed of an outstanding title to an undivided half interest in the property, the transactions will be viewed together as an attempt to defraud the devisees, in defiance of the rule forbidding trustees to deal with trust property to their personal advantage; and a judgment at suit of the devisees, holding that the latter deed inured to their benefit, will be affirmed, the executor being credited with his disbursements in securing it.

Appeal from special term, Albany county.

Action by John C. Merrick individually and as administrator of Joseph Haswell Merrick, deceased, against Mary C. Waters, as administratrix of Alexander H. Grant, deceased, and another, to have avoided a purchase of real estate made by Alexander H. Grant while executor of Joseph Haswell Merrick. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

L. F. Raymond (E. D. Wagner and J. K. P. Jackson, of counsel), for appellants.

Marvin & Hanford (E. H. Hanford, of counsel), for respondent.

R. T. Johnson, for respondent Jane E. Merrick.

HERRICK, J. The most serious question in this case is as to whether the court erred in holding that the deed from James H.

Merrick to Alexander H. Grant, dated April 25, 1882, inured to the benefit of the estate of Joseph C. Merrick, of which Grant was one of the executors and trustees. The contention upon the part of the appellant is that the interest of James H. Merrick in the property so conveyed was no part of the trust estate, and that, therefore, Grant had a right to buy it for his own benefit. The lands in question were devised by Joseph H. Merrick to his sons, Joseph C. Merrick and James H. Merrick, upon condition that they pay certain legacies, together with the debts of the testator. Joseph H. Merrick died about November 1, 1865. There is evidence in the case that James H. Merrick let the farm for the year 1866, and that during that year he went to Illinois to reside, and has resided there ever since, and has made no claim upon this property. Joseph C. Merrick entered into the possession of the premises in the spring of 1867, and remained in possession until his death. There is evidence that in the year 1868 he claimed to own the property. In 1870 he gave a warranty deed of a portion of the property, and seems to have paid the debts of his father, and a portion of the legacies, and the interest upon the mortgages; and the trial court has found that he claimed to be the owner of the property at the time of his death. So that, if Joseph C. Merrick was legally only a tenant in common of one-half of the property, he was in fact in possession of all of such property, and claimed to own it all. His brother had apparently abandoned all his interest in such property. Whether that claim of ownership was well or ill founded is not for the person who accepts the position of executor and trustee under such claimant's will to question. And if there was any outstanding legal title or claim which would interfere with such claim, or title, or right to possession by his testator, or of the beneficiaries under the will of such testator, it was not for the trustee under such will to purchase in such outstanding adverse claim or title for his own benefit. A trustee cannot be permitted to adversely contest the legal title or interest, in whole or part, of the person who creates him such trustee, or of his cestui que trust; nor to place himself in position so to do. Grant's act in taking a deed for his own benefit of one-half of the property which his testator claimed to own must be viewed in the light of all the circumstances in the case. The entire property was subject to certain mortgages executed by Joseph H. Merrick, the father of Joseph C. and James H. Merrick. These mortgages were purchased by Grant in his own name while he was executor and trustee of Joseph C. Merrick, and were foreclosed, or attempted to be foreclosed, by him, and the property bought in by him in his own name upon such foreclosure sales. Then the deed in question was procured by him, for which absolutely no consideration was paid,—the result of these transactions being that all the property of the estate of which he was the executor and trustee became vested in him individually, to the exclusion of all right or interest therein of his cestuis que trustent. The trial court has found that he took such conveyance "for the purpose of attempting to devest plaintiffs and the beneficiaries under the will of Joseph C. Merrick of all their title and interest in this property, and secure the same to himself." The evidence, I think, warrants that finding, and,

unless we are prepared to reverse that finding of fact, the conclusion arrived at by the trial court must be sustained.

I do not see how we can separate the purchase of the mortgages covering the whole property, their foreclosure or attempted foreclosure, the sale of the property and its purchase by Grant, from the procuring of the deed of one-half of the same property from James. H. Merrick. They all constitute parts of one complete transaction, which, if legal, devested the beneficiaries under the will of Joseph C. Merrick of all interest in the property, devested the trustee, as such, of all title thereto, and vested it in Grant, individually. As soon as Grant became the owner of the mortgages in his own name, he became vested with an interest adverse to that of his cestuis que trustent, or at least an interest which might be made adverse. When he took a deed of one-half of the property, he placed himself in a position whereby his interest might become, to place it as mildly as possible, adverse to the interests of those whom it was his first duty to protect. He placed himself, by these transactions, in a position where he might be strongly tempted to become the oppressor, instead of the protector, of his cestuis que trustent. He became the owner of an undivided half of property, the whole of which his testator claimed to own, died in possession of, and left to the beneficiaries under his will, in the care and custody of Grant. Grant could not avail himself of his purchase, except by depriving his cestuis que trustent of one-half of the property possessed by his testator in his lifetime, which he claimed to own, and supposed he had left to Grant and the other executor and trustee named by him, for the benefit of the persons named in his will. "The object of the rule which precludes trustees from dealing for their benefit in matters to which their trust relates is to prevent secret frauds by removing all inducements to attempt them." Fulton v. Whitney, 66 N. Y. 548–558. The appellant, by taking the conveyance in question, placed himself in a position to be induced to commit a fraud upon his cestuis que trustent; and he has yielded to the inducement, and taken to himself that which it was his duty to preserve for his trusts. The rule prohibiting trustees from dealing for their own benefit with matters to which their trust relates is supported by a long line of authorities. Rogers v. Rogers, 3 Wend. 503; Ward v. Smith, 3 Sandf. Ch. 592; Van Epps v. Van Epps, 9 Paige, 237; Conger v. Ring, 11 Barb. 356; Colburn v. Norton, 5 Abb. Prac. (N. S.) 308; Jewett v. Miller, 10 N. Y. 402; Toole v. McKiernan, 48 N. Y. Super. Ct. 163; Trustees v. Ritch, 151 N. Y. 282–340, 45 N. E. 876. The latter cases hold that such purchases are not void, but merely voidable, at the election of the cestui que trust; and some of them hold that, where such a purchase is avoided upon the election of the cestui que trust, the amount advanced by the trustee in making such purchase shall be restored to him. That has been done in this case. The cestuis que trustent elected to have the transactions by which Grant became possessed of title to the lands declared void. The trial court has done so, and has credited him with the amounts that he has received, charging it against the amount of moneys paid out by him in acquiring title to the lands. In that respect the trial court has treated the appellant liberally, for it ap-

pears to me that he has received more from the estate than he paid out to acquire it.

I have examined the other questions in the case, and find none that call for a reversal, or any extended discussion. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.