56   35
a167a123

HANNAH M. CORBIN and Others, as Executors, etc., of AUSTIN CORBIN, Deceased, Respondents, v. JOHN O. BAKER, Appellant. ·

*Partition sale — purchase, by the plaintiff, who held a one-half interest in the property as trustee, and the other half in his own right.*

A party plaintiff in an action for the partition of real property, owning as an individual one-half thereof and holding title to the other half as trustee, who purchases the property at the sale therein, acquires a good and marketable title thereto where it appears that such purchase was made under an order in such action, providing " at such sale *any party to this action may become a purchaser*," and that the sale was confirmed by the court after it had been fully advised of all the facts relating to the sale and to the interest of the respective parties therein, including that of the trustee.

APPEAL by the defendant, John O. Baker, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 26th day of October, 1900, upon the report of a referee directing the specific performance of a contract for the sale of real estate.

*Charles E. Miller*, for the appellant.

*David McClure*, for the respondents.

McLAUGHLIN, J. :

On the 25th of April, 1900, the defendant entered into a contract in writing, under seal, with the plaintiffs to purchase, and for them to sell, the premises described in the complaint for the sum of $400,000, of which $10,000 was paid down and the balance stipulated to be paid at completion of the contract, June 28, 1900, when the deed was to be delivered. On June 28, 1900, the plaintiffs tendered a deed, which the defendant refused to accept upon the ground that it did not convey a good and marketable title to the premises in question. This action was thereupon brought to compel the defendant to specifically perform the contract by paying the balance of the purchase money. The defendant, in an answer interposed by him, alleged, among other things, that he was and at all times had been willing to perform, but that the plaintiffs did not have a good and marketable title to the land which he contracted to purchase, and that, by reason thereof, he was entitled to a judgment against

them for the amount which he had paid at the execution of the contract, together with interest thereon. The issues raised by the pleadings were sent to a referee to hear and determine, who reported in favor of the plaintiffs, and from the judgment entered thereon the defendant has appealed.

There is substantially no dispute between the parties as to the facts. The real estate contracted to be purchased by the defendant was formerly owned by James Gordon Bennett, who died in 1872. He left a last will and testament, by which he gave, subject to certain provisions for his wife, which have been satisfied, one-half of the real estate to his son, James Gordon Bennett, and the other half to his said son in trust, to hold during the life of the testator's daughter, Jeanette, and, upon her death, he gave such half absolutely to her surviving children and the issue of deceased children. The daughter Jeanette subsequently married one Bell, by whom she had two children, a son Isaac and a daughter Norah, both of whom are now living, the latter being under twenty-one years of age. In 1881 the testator's son, individually and as trustee under the father's will, brought an action for the partition and sale of certain real estate, including that the title to which is here in question. That action was prosecuted to and resulted in a judgment directing a sale, and in pursuance thereof the real estate described in the contract between the plaintiffs and the defendant was sold, and on such sale purchased by the son, James Gordon Bennett, individually, who thereafter conveyed to Austin Corbin, whose executors, under a power of sale contained in his will, contracted to sell the same to the defendant.

The defendant's objection to the plaintiffs' title is that Bennett, who purchased at the partition sale, did not acquire a good and marketable title, in that, as he was at the time acting as trustee for his sister, to the extent of a one-half interest in the property contracted to be sold, he could not become a purchaser, and for that reason the purchase made by him is voidable and can be set aside at the instance of the *cestui que trust*.

There is no doubt about the general rule that the purchase by a trustee, unauthorized by the court, is voidable at the instance of the *cestui que trust*, but there is a well-recognized exception to this rule, that where a trustee has a personal interest to protect by bid-

ding at the sale of the trust property, and prior thereto he makes an application to the court for leave to bid, which upon the hearing of all the parties interested is granted, he can then make a purchase which is valid and binding upon all the parties interested, and under which he can obtain a good and marketable title. (*Fulton* v. *Whitney*, 66 N. Y. 548; *Scholle* v. *Scholle*, 101 id. 167; *De Caters* v. *De Chaumont*, 3 Paige, 178; *Davoue* v. *Fanning*, 2 Johns. Ch. 252; *Bergen* v. *Bennett*, 1 Caines Cas. 20; *Chapin* v. *Weed*, 1 Clarke Ch. 469; *Michoud* v. *Girod*, 4 How. [U. S.].503.) Nor is there any doubt that the purchaser of real estate is entitled to a title which is free from reasonable doubt (*Fleming* v. *Burnham*, 100 N. Y. 1; *Vought* v. *Williams*, 120 id. 253), and whenever a title may be fairly questioned, a contracting purchaser will not be required to take it. (*McPherson* v. *Schade*, 149 N. Y. 16.) But objections which merely suggest defects which have no real foundation, and are of such a character as a cautious business man would not consider, are unavailing and will not excuse a purchaser from performing his contract. We think the exception to the rule above alluded to is applicable to the facts here presented, and for that reason the title tendered by the plaintiffs is a good and marketable one.

The partition action under which James Gordon Bennett, the son, acquired title to the land in question, was brought by him not only as trustee but also individually. He was so described in the summons and complaint, and the referee who was appointed to ascertain his individual interest, as well as his interest as a trustee, and also to determine whether the property should be actually partitioned or a sale had, reported that it was desirable that the property should be sold. Exceptions to the report were taken by the guardian *ad litem* appointed for the infant defendants, and after a hearing by the court — due notice being given to all the parties interested — the report was confirmed and the property ordered to be sold. After reciting the respective interests, this order directed that " said sale be at public auction, at the city of New York, by James Matthews, Esq., referee for that purpose hereby appointed, and that said referee give three weeks' notice of the time and place of said sale, in the manner required by law, and at such sale *any party to this action may become a purchaser*." In pursuance of

this direction, the sale was had and the purchase made as above indicated. The referee thereafter made a report, upon which a final judgment was entered, which, among other things, confirmed the same, and directed the referee to execute proper conveyances to the purchaser, and that the unpaid purchase money be secured by bonds and mortgages, which were to be delivered to James Gordon Bennett, "trustee as aforesaid, or to his attorney, to be by him, the said James Gordon Bennett, as such trustee, held upon the trusts mentioned in the will and codicil of James Gordon Bennett, deceased." And it was also adjudged "that the deeds of said referee, to be given as aforesaid, shall be valid and effectual forever and operate to convey to the grantee named therein all the estate, right, title and interest, claim and demand, legal and equitable, as well of all and each of the parties to this action, as of the children born of the body of the defendant Jeannette Bell after the filing with the clerk of the city and county of New York of the notice of the pendency of this action, or after the entry of the interlocutory judgment in this action, or hereafter to be so born, in and to the premises described in said deeds, and each of them, and said deeds and each of them shall be a perpetual bar, as well against all and each of the parties to this action as against the children so to be born as aforesaid, and against all and every person claiming through or under them, by title accruing subsequent to the filing with the clerk of the city and county of New York of the notice of the pendency of this action." The referee thereafter made a report, in and by which he showed to the court that he had performed his duty as directed; that the deed and the bonds and mortgages as specified had been delivered to James Gordon Bennett, as trustee, to be held by him under the will and codicil.

Under these circumstances, we think, notwithstanding the fact that the purchase was made by the trustee at the sale, that the purchaser acquired a good and marketable title. The court was put in possession of all the facts relating to the sale and the interest of the respective parties therein, including that of the trustee. He was a party to the action in his individual capacity, and as such was authorized to make the purchase, and that he was so authorized does not seem to us to be subject to the criticism suggested by the appellant's counsel. He individually owned one-half of the

property sold, and, being such owner, the court had the power to authorize him to protect his interest upon a sale. (*Boyer* v. *East*, 161 N. Y. 580.) In the case just cited, the Court of Appeals held that the mother of certain infants who, upon the death of their father intestate, had become their guardian in socage, and as such had the custody of their interest in certain real estate inherited from the father, had the right, for the protection of her dower interest, to purchase at a foreclosure sale of the real estate and take a deed in her own name. And here, we think that James Gordon Bennett, for the protection of his personal interest in the real estate, had the right, having been previously authorized by the court, to make the purchase of the real estate in question, and as such he acquired a good and marketable title, which he subsequently conveyed to the plaintiffs' testator.

It follows that the judgment appealed from must be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.