(39 Misc. Rep. 366.)

### HARE et al. v. DE YOUNG et al.

(Supreme Court, Special Term, New York County. December, 1902.)

1. ADMINISTRATION—PURCHASE OF JUDGMENT BY ATTORNEY.
    An attorney of an estate, acting also for the purchaser of a judgment
    against the estate, occupied the same office as the instigator of the pur-
    chase, and was associated in law with him. The judgment, though con-
    sidered by all the parties as enforceable at its face, was purchased at
    a discount. *Held*, that the administrators of the estate were entitled
    to have the same satisfied on repaying the sum for which it was pur-
    chased, with interest at 4 per cent.

Action by John Hare and others, as administrators, against Arthur
B. De Young and others, to compel the extinguishment of a judg-
ment. Judgment for plaintiffs.

White & Case (J. Du Pratt White, of counsel), for plaintiffs.
Thomas Bracken and Samuel R. Taylor, for defendants.

KEENER, J. This action is brought to compel the extinguish-
ment of a judgment against the plaintiffs' intestate purchased by the
defendants De Young and Ottmann from the judgment creditor.
The judgment was bought by the defendants above mentioned on the
suggestion of the defendant De Young. Prior to and at the time of
the purchase of this judgment, De Young, who was an attorney at
law, occupied an office jointly with one B. Gerson Oppenheim, also
an attorney at law, who at that time and at the times hereinafter
referred to was acting as counsel for the plaintiffs, as administrators

of the estate of James Pryor, deceased. Before the purchase of this judgment by the said defendants, frequent interviews had been held in the office of Oppenheim, in the presence of De Young, in reference to the validity of this judgment and its priority over other claims. Negotiations looking to the compromise of this judgment had also been had in the presence of De Young. As a result of these consultations it had been determined that the judgment was a valid claim against the estate, and had priority, and that the estate was sufficiently solvent to pay it. The evidence also establishes that the plaintiff Glackner, prior to the time of the purchase, had refused to make further efforts to compromise the judgment, and had stated that he would pay the same only under a proper direction of the court. These facts were all known to De Young at the time when he suggested to Ottmann the desirability of purchasing the judgment, and were understood by Ottmann. As a result of a negotiation between Ottmann and De Young, the judgment was finally purchased from the creditor, the National Broadway Bank, for the sum of $7,200, in the name of Ottmann, for the joint benefit of Ottmann and De Young. An order was obtained, after such purchase, directing the plaintiffs to pay the judgment to the National Broadway Bank, and the defendant De Young, acting for himself and for the defendant Ottmann, presented the claim to the plaintiffs for payment; and the plaintiffs, on the suggestion of De Young and their counsel, Oppenheim, drew a check for $9,930.05 for the payment of the same, neither De Young nor Oppenheim disclosing to the plaintiffs the fact that the bank, the original judgment creditor, had assigned it to De Young and Ottmann. This check has never been paid.

While the evidence does not justify the conclusion that De Young stood in the technical relation of clerk to Oppenheim, it fully establishes that each rendered services to the other as either needed them, Oppenheim in the capacity of counsel and De Young as an assistant. In the matter of the claim now under consideration, the defendant De Young did in fact assist Oppenheim, and thus became familiar with the facts causing him to advise its purchase by Ottmann on behalf of Ottmann and himself. It is further established to my satisfaction that Oppenheim, while still acting as counsel for the plaintiffs as administrators as aforesaid, acted as the counsel for the defendants De Young and Ottmann in the purchase of this claim, and that he received as a fee therefor the sum of $300 through the defendant De Young, though it does not appear that the defendant Ottmann was aware of the fact of the payment of this fee, and the evidence would seem to establish the fact that the defendant Ottmann understood that the claim was to be purchased for $7,500, instead of $7,200. It is clear that had Oppenheim, the counsel for the plaintiffs, purchased this claim at a discount, the plaintiffs would have had a right to require its extinguishment on reimbursing Oppenheim. Carter v. Palmer, 8 Clark & F. 657, 707; Tyrrell v. Bank, 10 H. L. Cas. 26, 44. The relation of De Young to Oppenheim as an assistant and business associate would have been equally fatal to De Young's collecting the face value of the claim, had he been its purchaser at a discount. Hobday v. Peters, 28 Beav. 349; Poillon v. Martin,

1 Sandf. Ch. 569, 574. De Young and Ottmann can be in no better position as joint purchasers, since all the facts were known to Ottmann that were known to De Young. Furthermore, as De Young was representing him in the purchase, the knowledge of De Young must be imputed to Ottmann. Fulton v. Whitney, 66 N. Y. 548, 557. That the plaintiffs had refused to negotiate further for a compromise, and had declared that they would not pay the judgment, except under an order of the court, does not aid the defendants. The evidence does not establish that they were unwilling to pay a sum less than the claim in extinguishment thereof, if an order of the court was obtained directing payment. But, even if it should appear that the plaintiffs were determined to pay all or nothing on the claim, that would not justify the conduct of Oppenheim and De Young. The rule forbidding a party standing in a relation of confidence to another from taking a position antagonistic to the interests of such other forbids all such transactions without the fullest disclosure, even though in a given instance it can be shown that no injury whatever was done. Howell v. Ransom, 11 Paige, 538, 1 N. Y. Leg. Obs. 10; Dutton v. Willner, 52 N. Y. 312. Were this not the rule, much fraud might be perpetrated by the abuse of confidence and trust relations, which it would be impossible to prove by satisfactory evidence in court. This rule obviates this difficulty and lessens the temptations to which the weak might otherwise be subjected.

Disagreeable as is the task, I should be shirking my duty if I did not condemn in unequivocal terms the disingenuousness of the two attorneys mentioned, and their failure to have a proper regard for the obligations imposed upon them as officers of this court. I am of the opinion that the plaintiffs are entitled to have the judgment satisfied of record on the payment by them to the defendant Ottmann of $7,200, the sum paid by the defendants to the creditor, with 4 per cent. interest from December 4, 1901, with costs and an extra allowance of $250 to the plaintiffs. Settle decision and final judgment on two days' notice.

Judgment accordingly.