(11 Misc. Rep. 483.)

JAHN v. GLEASON et al.  ROEDIGER v. SAME.  MESSUIK v. SAME.

(Supreme Court, Special Term, Queens County. February, 1895.)

TRUSTS—PURCHASE OF TRUST PROPERTY.

Where a receiver appointed in a partition suit purchases the property through a third person, and without the knowledge of the owners, such sale will be set aside.

Actions by Marie A. Jahn, by August Roediger, and by Wilhelmina Messuik, respectively, against Patrick J. Gleason and others, to set aside certain deeds on the ground of fraud.

The premises in question were owned by Louis Roediger, who died in 1889, leaving among his heirs Marie A. Jahn, August Roediger, and Wilhelmina Messuik.  A suit was instituted for partition of the property among the several heirs, and defendant herein was appointed receiver pendente lite, with power to collect the rents, but no further proceedings appear to have been had in such suit.  Afterwards the premises were conveyed by the owners to one Brassell, who was acting secretly as agent for defendant, and who conveyed the property to defendant.

H. Randolph Anderson, for plaintiffs Jahn and Roediger.
Geo. W. Stephens, for defendants.

BARTLETT, J.  These cases would have been disposed of long since if counsel had not delayed so long in submitting their briefs, the last of which I did not receive until late in December last. The formal decisions filed herewith, under section 1022 of the Code, as amended last year, contain a sufficient statement of the facts. The evidence leaves no doubt whatever in my mind of the correctness of the conclusion that the defendant Gleason was really the purchaser of the city-hall property in Long Island City, which he held at the time as receiver in the partition suit.  The proof seems to me equally plain that the consideration paid to each of these plaintiffs was utterly inadequate.  If there was no other evidence as to the value of the property, the fact that $1,000 was paid to the widow for her right of dower is enough to indicate that the same purchaser was obtaining the fee at far less than it was really worth when he paid the heirs at the rate of less than $700 for their combined interests.  It is manifest that the receiver occupied a position

which prohibited him from buying the property for himself from those who did not know he was the purchaser. The rule which he violated is clearly stated by Chancellor Walworth in the case of Van Epps v. Van Epps, 9 Paige, 237, where he says:

"The rule of equity which prohibits purchases by parties placed in a situation of trust or confidence with reference to the subject of purchase is not confined to trustees or others who hold the legal title to the property to be sold; nor is it confined to a particular class of persons, such as guardians, trustees, or solicitors. But it is a rule which applies universally to all who come within its principle, which principle is that no party can be permitted to purchase an interest in property, and hold it for his own benefit, where he has a duty to perform in relation to such property which is inconsistent with the character of a purchaser on his own account, and for his individual use."

Now, there was a plain conflict here between the interest of Mr. Gleason, as an intending purchaser of this property from the heirs, and his duties as a receiver of the property in the partition suit. As receiver, he was bound to get as much rent as possible. As an intending purchaser, it was his interest to have the receipts for rent fall off so that the apparent value of the property might diminish, and the owners be induced to sell for a lower price. As receiver, he was bound to manage the property, as a whole, in such a way as to maintain, and, if possible, increase its value, real and apparent. As an intending purchaser, it was his interest to manage it in such a way as to decrease its apparent value until it passed into his own hands. The equitable principle to which I have referred clearly applies to a person situated as he was, and under such circumstances the vendors, who have sold their interests for far less than the property was actually worth, are at liberty to avoid the sale upon repaying to the purchaser the amounts which they have received from him.

In the brief for the defendants it is argued that the form of each complaint is such that no relief can be granted, in the absence of a finding of actual fraud, on the ground that Mr. Gleason was disqualified to purchase by reason of his position as receiver. I think, however, that the allegations of the complaint in each case are quite sufficient to sustain a judgment in favor of the plaintiff upon the ground stated in the formal decision. Each complaint expressly alleges the appointment of Mr. Gleason as receiver. There should be judgment for the plaintiffs setting aside the deeds conveying their respective interests to the defendant Brassell, upon the payment by them to the defendant Gleason of the amounts which they, respectively, received. Plaintiffs must also have their costs.