HELMPRECHT, Appellant, v. BOWEN, Respondent. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Johan Helmprecht against Jason Marvin Bowen. Robert Goeller, for appellant. Blair & Rudd, for respondent.

PER CURIAM. The order should be affirmed. It is evident from the affidavits of the plaintiff that he is reckless in his averments. The court is not required to assign an attorney designated by the party applying. Furthermore. the proposed attorney in the case at bar nowhere agrees to conduct the action without compensation, as required by section 460 of the Code of Civil Procedure. Order affirmed, with $10 costs and disbursements.

HENDERSON v. HADDEN et al. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Phebe A. Henderson against Caroline I. Hadden and others. No opinion. Order affirmed, with $10 costs, and disbursements. All concur.

HILDRETH v. WILLETS et al. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Charles N. Hildreth against Thomas W. Willets and others. No opinion. Appeal taken from order dismissed, and order affirmed with $10 costs and disbursements.

HILL, Respondent, v. WESTCOTT, Appellant. (Supreme Court, General Term, Second Department. July 26, 1895.) Action by Squire Hill against Robert W. Westcott. Backus & Manne, for appellant. B. F. Chedsey, for respondent.

PRATT, J. It seems clear that the contract in question herein was a specific contract between Westcott on the one side and Hill and Harrison on the other, wherein Westcott agreed to pay Hill and Harrison 10 cents per can cartage on milk carted by them from their creamery at Sidney to the station at the same place, and shipped over certain specified lines of railroad. The milk was shipped as per this agreement. We are therefore of the opinion that the judgment should be affirmed, with costs. All concur.

HOFFMAN et al., Respondents, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Charles Hoffman and others against the Manhattan Railway Company and others. R. L. Maynard, for appellants. E. M. Felt, for respondents.

PER CURIAM. Upon an examination of the evidence in this case we think that the rental damage should be reduced to $6,750, and the fee damage to $7,500. The judgment as so modified should be affirmed, without costs.

HOFFMAN et al., Respondents, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Charles Hoffman and others against the Manhattan Railway Company and others. K. C. Morhous, for appellants. E. M. Felt, for respondents.

PER CURIAM. We find no evidence justifying the large awards made in this action. What evidence was offered upon the part of the plaintiffs is unsatisfactory and inconclusive, and affords no sufficient basis for the judgment which has been entered. We think, therefore, that the judgment should be reversed, and a new trial ordered. with costs to the appellants to abide the event.

HURLBUT, Respondent, v. INTERIOR CONDUIT & INSULATION CO., Appellant. (Superior Court of New York City, General Term. June, 1895.) Action by Daniel N. Hurlbut against the Interior Conduit & Insulation Company. Eaton & Lewis (J. S. Wise, D. H. Driscoll, and E. H. Lewis, of counsel), for appellant. Kneeland & Stewart (Stillman F. Kneeland, of counsel), for respondent.

GILDERSLEEVE, J. The action is to recover the stipulated royalty, for a certain specified period, upon "paper tubes," alleged to have been manufactured by the defendant, and covered by letters patent of the United States, duly issued to the plaintiff. The complaint sets out a license agreement from the plaintiff to the defendant. The agreement is not disputed, nor is there any controverted question as to its construction. The account of royalties is not questioned. The defense is that the paper tubes manufactured by defendant did not contain the invention covered by the plaintiff's patent. The character of the product of the defendant is the sole issue raised. Did the paper tubes made and sold by defendant involve the invention for which the patent was obtained, and under which the license was given? On this issue the court below found in favor of the plaintiff. This finding is amply supported by sufficient testimony, and should not be disturbed. We find no rulings that impugn the validity of the judgment. The defendant's objection to the jurisdiction of the court is without merit. The action is not for an infringement of the plaintiff's patent, but is for compensation for an authorized use. The judgment appealed from should be affirmed, with costs to the respondent.

JAHN, Respondent, v. GLEASON et al., Appellants. (Supreme Court, General Term, Second Department. July 26, 1895.) Action by Marie A. Jahn against Patrick J. Gleason and others. George W. Stephens, for appellants. H. Randolph Anderson, for respondent.

DYKMAN, J. This is an appeal from a judgment and an order entered upon a decision of a justice of this court after a trial at the special term. The action is brought to set aside a deed of conveyance of real property. The action received the proper disposition at the special term, and the judgment should be affirmed, with costs, upon the opinion of the trial judge. 33 N. Y. Supp. 447.